IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKLIN GERAC-DUDLEY, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-05-2768 |
| | § | |
| KATHLEEN PETERSEN, *et al.*, | § | |
| Defendants. | § | |

OPINION ON PARTIAL DISMISSAL

Plaintiff Jacklin Gerac-Dudley, proceeding *pro se* but not *in forma pauperis*, has filed a civil rights action under 42 U.S.C. § 1983, alleging numerous constitutional violations against Louisiana Assistant Attorney General Kathleen Petersen and Harris County, Texas Sheriff Tommy Thomas. (Docket Entry No.1). Pending are two motions to dismiss filed by defendant Petersen (Docket Entries No.7, No.8), a motion for service of summons filed by Gerac-Dudley (Docket Entry No.12), and two motions seeking to substitute and withdraw counsel. (Docket Entries No.16, No.17).

For the reasons to follow, the Court will grant defendant Petersen's motions to dismiss and dismiss plaintiff's claims against her. The Court will also grant defendant defendants' motion to substitute and withdraw counsel and deny plaintiff's motion for service of summons.

BACKGROUND

Plaintiff claims that, upon the issuance of an arrest warrant obtained by defendant Peterson on false information, she was arrested by Harris County law enforcement officers at the Veterans' Hospital in Houston, Texas, where she was undergoing treatment for cancer and other ailments. (Docket Entry No.1). Plaintiff claims that she was placed in a maximum security cell in the Harris County Jail and that she was denied adequate medical, personal, and nutritional care. She further claims she was denied visitors and held beyond the legal limit allowed by state law. (*Id.*).

Plaintiff later filed, as an attachment to her complaint, a newspaper article from The Daily Iberian, dated October 8, 2004, which states the following facts pertinent to her claims: Plaintiff was arrested on July 28, 2004, in Houston, Texas on a bench warrant, the day after she failed to appear for her and her husband's scheduled trial in Baton Rouge, Louisiana. (Docket Entry No.4). Plaintiff was detained in the Harris County Jail for almost two weeks before being transferred to Baton Rouge. (*Id.*). Plaintiff was charged with Medicaid fraud, conspiracy to commit Medicaid fraud and theft by fraud. (*Id.*). She was released by a Louisiana State District Judge on her original bond. Trial was scheduled for November 29, 2004. (*Id.*).

Plaintiff alleges the following claims against defendants in their individual and official capacities:

1. Plaintiff's Fourth Amendment rights were violated when she was falsely arrested and illegally detained while undergoing medical treatment for a serious illness. Plaintiff claims she was arrested by the Harris County Violent Offender Task Force as a result of fraudulent information given to obtain a fugitive warrant by defendant Petersen.

2. Defendants violated plaintiff's right to equal protection under the law when they engaged in unlawful arrest, conspired to discriminate against her on account of her race in retaliation for plaintiff's political stance as an Iberia Parish, Louisiana councilwoman.

3. Defendants deprived plaintiff of her liberty interest under the Fourteenth Amendment and of the equal protection of the law under the same by illegally detaining her in the Harris County Jail.

(*Id.*). Plaintiff seeks compensatory and punitive damages and declaratory relief. (*Id.*).

## MOTIONS TO DISMISS

Petersen moves to dismiss plaintiff's claims against her for lack of personal jurisdiction under Rules 12(b)(1) and 12(b)(6) and for insufficient service of process under Rule 12(b)(5). (Docket Entry No.8).

Rule 12(b)(1)

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of the federal district court. FED. R. CIV. P. 12(b)(1). " 'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.' " *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)); *see also U.S. v. Texas Tech University*, 171 F.3d 279, 286 n.9 (5th Cir. 1999). "In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001). Nevertheless, all un-controverted allegations in the complaint must be accepted as true. *Id.*

Plaintiff seeks damages against defendant Petersen in her official capacity as an Assistant District Attorney for the State of Louisiana. Defendant Petersen moves to dismiss the claims for monetary damages against her in her official capacity under the Eleventh Amendment to the United States Constitution. (Docket Entries No.7, No.10).

The Eleventh Amendment bars a suit in federal court by a citizen of a state against his own state or against a state agency or department. *Hughes v. Savell*, 902 F.2d 376, 377-78 (5th Cir. 1990). Eleventh Amendment immunity has a jurisdictional effect; it deprives a federal court of jurisdiction to hear a suit against a state. *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 342 (5th Cir. 1996). This immunity extends to suits for monetary damages against state officials in their official capacity. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human*

*Resources*, 532 U.S. 598, 609 n. 10 (2001) (holding "[o]nly States and state officers acting in their official capacity are immune from suits for damages in federal court").

Because plaintiff's claims against Petersen in her official capacity as an officer of the State of Louisiana are barred by the Eleventh Amendment*; see Will v. Michigan Dept of State Police*, 491 U.S. 58, 71 (1989) (suit not against official but state office); *Oliver v. Scott*, 276 F.3d 736, 742, 742 n. 5 (5th Cir. 2002); the Court lacks jurisdiction to consider such claims. Accordingly, defendant Petersen's motion to dismiss claims for monetary damages against her in official capacity will be dismissed for want of jurisdiction.

### Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). The district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Shipp v. McMahon*, 234 F.3d 907, 911 5th Cir. 2000) (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2nd ed.1990)), *overruled on other grounds by McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002). A plaintiff "must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (citation omitted). The Court will not accept as true any conclusory allegations or unwarranted deductions of fact. In ruling

4

on such a motion, the Court cannot look beyond the pleadings, including attachments thereto. FED. R. CIV. PROC. 12(b)(6); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

Defendant Petersen maintains that plaintiff's pleadings do not state a cognizable claim against her in her individual capacity. (Docket Entries No.7, No.10). Plaintiff seeks damages from defendant Petersen in her individual capacity and a declaratory judgment against Peterson for her actions in procuring a fugitive warrant and initiating plaintiff's arrest by Harris County law enforcement officers. Plaintiff claims that Petersen engaged in malicious prosecution by submitting false information to have plaintiff arrested and detained, with the intent to cause plaintiff physical and emotional harm because of Petersen's racial bias and because the criminal case against plaintiff was weak. (Docket Entry No.1). Plaintiff maintains that Petersen discriminated against her on the basis of race and harassed her under color of law by having her incarcerated in the Harris County, Texas jail without probable cause. (*Id.*). Plaintiff also maintains that Petersen, in furtherance of the conspiracy and with the intent to harass and retaliate, informed defendant Thomas that " 'a special hold had been placed on plaintiff' and 'plaintiff was dangerous and used false names 'Gerac and Ogashi.' " (*Id.*, page 5).

"The tort of malicious prosecution of criminal proceedings occurs when one citizen initiates or procures the initiation of criminal proceedings against an innocent person, for an improper purpose and without probable cause therefor, if the proceedings terminate favorably for the person thus prosecuted." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003), *cert. denied*, 125 S.Ct. 31 (2004). "It signifies that initiation of charges without probable cause lies at the heart of this definition, one that is deployed by state courts throughout the country, including Texas." *Id; see also Robinson v. Goudchaux's*, 307 So.2d 287, 289 (La. 1975) (requiring, among other elements, the bona fide termination of the criminal case in favor of the plaintiff).

5

Plaintiff does not indicate in her pleadings whether she was convicted of the charges against her. The Court takes judicial notice that public court records, provided by a deputy clerk in East Baton Rouge Parish, Louisiana, however, show that a jury convicted plaintiff of Medicaid fraud and theft on December 6, 2004. On May 18, 2005, the 19th State District Court of East Baton Rouge Parish sentenced her to five years confinement on each of eight counts of Medicaid fraud, to run concurrently, and ten years confinement on her felony theft conviction, to run consecutive to the sentence for Medicaid fraud. An appeal filed January 5, 2006, is pending. (Telephone conversation with Deputy Clerk of the East Baton Rouge Parish, Louisiana). Because at the time plaintiff filed the pending suit, she had already been convicted of the felony charges that defendant Petersen initiated, plaintiff cannot maintain a malicious prosecution claim under state law against defendant Petersen.[1]

Plaintiff's pleadings also fail to state a claim of malicious prosecution under federal law. "[C]ausing charges to be filed without probable cause [does] not without more violate the Constitution." *Castellano*, 352 F.3d at 953. Although plaintiff alleges racial discrimination and conspiracy with the intent to retaliate, she states no facts to support these allegations. Such allegations, therefore, are conclusory and subject to dismissal.

Moreover, prosecutors are absolutely immune from liability under § 1983 "for alleged civil rights violations, insofar as the prosecutor's conduct is performed to initiate prosecution or to carry

---

[1] At the time plaintiff filed the pending civil rights suit on August 10, 2005, she had been convicted and sentenced for Medicaid fraud and felony theft. According to state records, plaintiff filed a notice of appeal on January 5, 2006. Therefore, at the time she filed the pending suit, no criminal prosecution and no appeal were pending before any state court with respect to plaintiff's criminal convictions. Plaintiff's request that the Court intervene in the State's criminal prosecution against her pursuant to an exception to the doctrine espoused in *Younger v. Harris*, 401 U.S. 37 (1971) (Docket Entry No.14), therefore, is without any legal basis.

the case through the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Plaintiff's complaint shows that Petersen's conduct was performed to initiate prosecution and to carry the case against plaintiff through the judicial process. Because plaintiff seeks monetary damages from a defendant who is immune from such relief, she fails to state a claim upon which relief may be granted. Accordingly, plaintiff's claims against defendant Petersen are subject to dismissal pursuant to Rule 12(b)(6).

## Rule 12(b)(5)

A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint. To effect proper service for purposes of Rule 12(b)(5), a party must follow the requirements of Rule 4 of the Federal Rules of Civil Procedure. In pertinent part, Rule 4(e) permits service upon individuals "by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." If a plaintiff fails to effect service of process within 120 days after the filing of the complaint, the Court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." FED. R. CIV .P. 4(m).

Petersen contends that plaintiff did not effect service of process because she served her with a copy of the original complaint by certified mail. (Docket Entry No.9). Neither Texas nor Lousiana law provides for service of process by certified mail. *See* TEX. R. CIV. PROC. 103, 106; LA. CODE CIV. PROC ANN., Art. 1231 (West 2005).

Petersen further contends that plaintiff did not serve her with a summons and Petersen did not waive service of summons. (Docket Entry No.9). The record supports Petersen's claims.

"Before a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital International, Ltd. v. Rudolf*

7

*Wolff & Co., Ltd.*, 484 U.S. 97 (1987).  Plaintiff does not dispute and the record does not show that Petersen was properly served with process.  Accordingly, Petersen's motion to dismiss pursuant to Rule 12(b)(5) will be granted.

### Issuance of Summons

"It is a fundamental rule of civil procedure that '[b]efore a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) (quoting *Omni Capital International, Ltd.*, 484 U.S. at 104).  A review of the record, in this case, indicates that process was not served on either defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Unlike Petersen, defendant Thomas filed an answer without objecting to service of process.  (Docket Entry No.14).  Filing an answer to a complaint without objecting to service of process waives a defendant's right to object to service of process and constitutes a voluntary appearance in federal district court.  FED R. CIV. P. 12(h)(1); *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005).  Therefore, Thomas has submitted to the jurisdiction of this Court, thus obviating the need for service.  Accordingly, plaintiff's request for issuance of service will be denied.

### CONCLUSION

Based on the foregoing, the Court ENTERS the following ORDERS:

1. Defendant Kathleen Petersen's motion to withdraw Attorney Michael Creighton as co-counsel (Docket Entry No.17) is GRANTED.  Attorney Patricia H. Wilton remains designated attorney of record for defendant Petersen.

2. Defendant Kathleen Petersen's motions to dismiss (Docket Entries No.7, No.8) are GRANTED.  All claims against defendant Petersen are DISMISSED with prejudice.

3. Plaintiff's motion for service of summons (Docket Entry No.11) is DENIED. Plaintiff's motion for entry of order ruling on motion for service of summons (Docket Entry No.12) is GRANTED.

4. Defendant Tommy Thomas's motion to substitute counsel Attorney Fred A. Keys, Jr. as counsel in lieu of Assistant County Attorney, Michelle M. Traher (Docket Entry No.16) is GRANTED. Attorney Fred A. Keys, Jr. is substituted as attorney of record for defendant Thomas.

The Clerk will provide a copy of this Order to all parties.

Signed at Houston, Texas, on February 1, 2006.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE