IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKLIN GERAC-DUDLEY, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-05-2768 |
| | § | |
| KATHLEEN PETERSON, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff Jacklin Gerac-Dudley, proceeding *pro se* but not *in forma pauperis*, has filed a civil rights action under 42 U.S.C. § 1983, alleging numerous constitutional violations against Louisiana Assistant Attorney General Kathleen Petersen and Harris County, Texas Sheriff Tommy Thomas. (Docket Entry No.1). The Court dismissed plaintiff's claims against defendant Petersen and ordered defendant Thomas to file a dispositive motion. (Docket Entry No.20). Thomas has now filed a motion for summary judgment and a supplement to his motion for summary judgment (Docket Entries No.18, No.22). Plaintiff has not filed a response to the motion.

For the reasons to follow, the Court will grant defendant Thomas's motion for summary judgment and dismiss plaintiff's complaint with prejudice.

I. BACKGROUND

Plaintiff claims that, upon the issuance of an arrest warrant obtained by Louisiana Assistant Attorney General Kathleen Petersen on false information, she was arrested by Harris County law enforcement officers at the Veteran's Hospital in Houston, Texas, where she was undergoing treatment for cancer and other ailments. (Docket Entry No.1). Plaintiff claims that she was placed in a maximum security cell in the Harris County Jail and that she was denied adequate medical, personal, and nutritional care. She further claims she was denied visitors and held beyond the legal limit allowed by state law. (*Id.*).

Plaintiff seeks compensatory and punitive damages, and declaratory relief on the following claims against defendant Thomas in his individual and official capacities:

1. Sheriff Thomas conspired with Kathleen Petersen to illegally arrest plaintiff;

2. Plaintiff was falsely arrested and illegally detained because of racial bias; and

3. While in the Harris County Jail, she was isolated in maximum security, denied adequate medical, personal, and nutritional care, denied visitors, and held beyond the legal limit allowed by state law.

(*Id.*).

Defendant Thomas moves for summary judgment on the grounds that plaintiff has failed to state facts that would support any of her allegations against defendant or Harris County, Texas, and that she failed to allege any cognizable injury. (Docket Entry No.18).

## II. STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

### III. DISCUSSION

Defendant Thomas moves for summary judgment on the ground that plaintiff's pleadings do not state a cognizable claim against him or against Harris County, Texas. Defendant claims plaintiff's allegations are conclusory and without a factual basis. (Docket Entry No.18).

Plaintiff complains that Sheriff Thomas conspired with a Louisiana Assistant Attorney General to falsely arrest her and then illegally detained her in the Harris County Jail. (Docket Entry No.1). Defendant Thomas's summary judgment evidence shows that plaintiff was scheduled for trial in Baton Rouge, Louisiana, on July 26, 2004. (Docket Entry No.18, part 2, pages 6-7). When she failed to appear, the presiding Louisiana judge issued a bench warrant for her arrest. (*Id.*, page 16). Plaintiff was found at the Houston Veteran's Administration Medical Center by the Louisiana Attorney General's Office. (*Id.*, page 3). The Louisiana Department of Justice, Criminal Division, Medicaid Fraud Control Unit notified Veteran's Hospital officials, who detained plaintiff for approximately three hours after her voluntary discharge. (*Id.*, page 4). Plaintiff was released to the Gulf Coast Violent Offender Task Force, who transported her to the Harris County Jail pending extradition. (*Id.*).

Plaintiff also complains that while in the Harris County Jail, she was isolated in maximum security, denied adequate medical, personal, and nutritional care, and denied visitors. (Docket Entry No.1). Plaintiff does not state the name of the person or persons who denied her such care and who refused to allow her visitors. She further fails to state the specific care that she was denied, or the names of the visitors that she was not allowed to see. Moreover, she fails to allege any facts that would show that defendant or anyone at the Harris County Jail acted with deliberate indifference in denying her such care.

Sheriff Thomas's summary judgment evidence shows that plaintiff was incarcerated in the medical ward of the Harris County Jail from July 28, 2004, until August 5, 2004, when she was released to the general population. (Docket Entry No.22, part 1, page 21). The summary judgment evidence also shows that plaintiff received medical and psychological care while incarcerated in the medical ward, even though she was often uncooperative, non-compliant, and abusive toward staff. (*Id.*, parts 2-5). Defendant's summary judgment record reflects while in the infirmary, plaintiff was on a regular diet. (*Id.*, page 11).

Plaintiff also alleges that she was detained in the Harris County Jail longer than allowed by state law. (Docket Entry No.1). Defendant's summary judgment evidence shows that defendant Thomas was authorized to hold plaintiff no longer than ninety days pursuant to Article 51.05 of the Texas Code of Criminal Procedure.[1] (Docket Entry No.18, part 2, page 20). Plaintiff was detained in the Harris County Jail for thirteen days, from July 28, 2004, until August 9, 2004. (Docket Entry No.18, part 2, page 23).

In short, defendant's summary judgment evidence shows that plaintiff was arrested and detained on a valid warrant, that she received adequate medical and personal care, and that she was detained within the limits allowed by law. Based on this record, the Court finds that defendant Thomas has met his burden to show the absence of a genuine issue of material fact with respect to plaintiff's claims of an illegal arrest, a conspiracy to arrest based on some racial bias, the denial of adequate care while detained in the Harris County Jail, and the length of her detention. To defeat defendant's motion, plaintiff must therefore, go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075

---

[1] Article 51.05 prohibits law enforcement from holding a person arrested under a warrant from another state for more than ninety days. TEX. CODE CRIM. PROC. art. 51.05 (Vernon 1979).

(5th Cir. 1994). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' . . . or by only a 'scintilla' of evidence." *Id.* (citations omitted). Factual controversies are resolved only when there is an actual controversy, *i.e.*, when both parties have submitted evidence of contradictory facts. *Id.* Plaintiff has not responded to the motion for summary judgment and the allegations in her pleadings with respect to all of her claims are conclusory and insufficient to defeat summary judgment. Therefore, her claims against Sheriff Thomas and/or Harris County, Texas are subject to dismissal.

Plaintiff also fails to identify in her pleadings any policy of custom that caused the deprivation of a constitutional right. Thus, her claims against Sheriff Thomas in his official capacity and her claims against Harris County, Texas, if any, are subject to dismissal. *See Monell v. New York City Dept. Of Social Serv.*, 436 U.S. 658, 689 (1978); *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996).

## IV. CONCLUSION

Based on the foregoing, the Court ENTERS the following ORDERS:

1. Defendant's motion for summary judgment (Docket Entries No.18, No.22) is GRANTED.
2. Plaintiff's complaint is DISMISSED WITH PREJUDICE.
3. All pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to all parties.

Signed at Houston, Texas, on July 27, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE